IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL D. AND CHRISTINE R. )
ALEXANDER, )
               Plaintiffs )   Civil No.08-6324-TC
)
    v. )   ORDER AND FINDINGS AND
)   RECOMMENDATION
IRS, )
)
               Defendant. )

COFFIN, Magistrate Judge.

Before the court is defendant IRS's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. 11.) In their response plaintiffs requested that the court "modify" their complaint by changing the jurisdictional basis and adding the IRS commissioner as a defendant. (Doc. 13.) I construe this as a motion to amend under Fed. R. Civ. P. 15.

For the reasons that follow, I deny plaintiffs' motion to amend their complaint.

For the reasons that follow, I find that this court lacks subject matter jurisdiction and recommend that the court dismiss this matter.

**Background**

Plaintiffs filed a complaint on October 21, 2008 which

1

identified the basis of this court's jurisdiction as 26 U.S.C. § 6404(h)(1) and sought a review of the IRS's final determination and full denial of plaintiffs' request for interest abatement under 26 U.S.C. § 6404(g).

Several months later, defendant filed the instant motion to dismiss. In response, plaintiffs requested that "the complaint be modified to change the jurisdictional basis to section 1346(a)(1) of Title 28 U.S.C...." and that the complaint "be modified to add the IRS Commissioner as a defendant per Fed. R. Civ. P. 15(c)(2)." Defendant's reply asserts that even if plaintiffs modified the basis for their claim, a district court does not have jurisdiction to review a final determination of an interest abatement claim.

## Legal Standards

### A. Motion to Amend Complaint

After a responsive pleading is filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The district court has the discretion to "freely grant leave to amend when justice so requires." Id. If a party is proceeding without counsel (commonly referred to as pro se), then a court should only dismiss the complaint without leave to amend if it is clear that the pleading's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corr., 66 F.3d 245, 248-49 (9th Cir. 1995); see also Haines v. Kerner, 404 U.S. 519, 520 (1972)(holding that pro se pleadings are held to a less stringent standard than those drafted by lawyers).

The court does not abuse its discretion in denying leave to amend where amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N.Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; thus the court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The party challenging jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger alleges that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Id.

### Analysis

### A. Plaintiffs' Motion to Amend

In an effort to cure a subject matter jurisdiction defect, plaintiffs ask this court to amend their complaint to change the jurisdictional basis from 26 U.S.C. § 6404(h)(1) to 28 U.S.C. § 1346(a)(1). In Hinck v. U.S., the United States Supreme Court held

3   Findings and Recommendation

that tax court provides the exclusive forum for judicial review of the IRS's refusal to abate interest. Id. 550 U.S. 501, 506-07 (2007).

Plaintiffs also seek to amend their complaint to name the IRS Commissioner as a defendant. Plaintiffs do not allege that they seek relief against the IRS Commissioner in a personal capacity and they seek a refund of interest not damages from the IRS. See e.g., Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999)(stating that where plaintiff seeks damages against state official, a strong presumption is created in favor of personal-capacity suit because official-capacity suit for damages would be barred). Any lawsuit against an officer of the United States in his or her official capacity is consider a suit against the United States. Balser v. Dep't of Justice, Office of U.S. Trustee, 327 F.3d 903, 907 (9th Cir. 2003).

It is clear that the subject matter jurisdiction deficiencies in plaintiffs' complaint cannot be cured through amendment. It is also clear that the IRS Commissioner is not a proper party to this lawsuit seeking a refund of interest. Therefore I deny plaintiffs' motion to amend their complaint to change the jurisdictional basis and to add the IRS Commissioner.

### B. Defendant's Motion to Dismiss

Defendant argues that the court must dismiss this action for lack of subject matter jurisdiction. As noted above, the Supreme Court of the United States has held that Tax Court is the exclusive

4   Findings and Recommendation

forum for judicial review of an IRS refusal to abate interest assessed against a taxpayer. Hinck, 550 U.S. at 506-07. The Hinck Court noted that 26 U.S.C. § 6404(h) is a precisely drawn detailed statute that precludes more general remedies offered by other statute. Id. at 506. The Court also noted that "an interest abatement claim...involves no questions of substantive tax law, but rather is premised on issues of bureaucratic administration (whether for example there was 'error or delay' in the performance of a 'ministerial act'...." Id. at 507.

In short, Congress has vested exclusive jurisdiction over interest abatement decisions in the Tax Court. Id. As such, I find that plaintiffs cannot meet their burden of establishing subject matter jurisdiction. Dunn & Black P.S., 492 F.3d 1084, 1087-88 (9th Cir. 2007). The defendant's motion to dismiss should be granted.

## Conclusion

I order that plaintiffs' motion to amend their complaint which is contained in their April 27, 2009 filing (doc. 13) is denied.

I find that the defendants' motion to dismiss (doc. 12) should be granted.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than ten days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's

order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this ___23___ day of June, 2009.

THOMAS M. COFFIN
United States Magistrate Judge

6   Findings and Recommendation